**Daniel Thomas MARKSBURY**

v.

**Jessica Marie MARKSBURY.**

**No. 2016–CJ–0526.**

Supreme Court of Louisiana.

March 24, 2016.

WEIMER, J., dissenting.

**Daniel Thomas, MARKSBURY**

v.

**Jessica Marie, MARKSBURY.**

**No. 2016–CJ–0526.**

Supreme Court of Louisiana.

March 29, 2016.

In re Jessica Marie Marksbury;—Petitioner; Applying for Rehearing of this Court's action dated March 24, 2016, Parish of Orleans, Civil District Court Div K, No. 2012–8386; to the Court of Appeal, Fourth Circuit, No. 2016–C–0070;

Rehearing denied.

WEIMER, J., dissents from denial of rehearing and assigns reasons.

GUIDRY, J., would grant rehearing.

CLARK, J., additionally concurs for the reasons assigned by CRICHTON, J.

CRICHTON, J., additionally concurs and assigns reasons.

CRICHTON, J., additionally concurs and assigns reasons.

I concur in the majority's decision to deny the rehearing application in this case for the reasons that follow.

Jessica Marksbury, the non-custodial party in this rule, moved the trial court to allow the parties' eleven-year-old daughter to travel to Mexico for the purpose of attending Jessica's wedding. Daniel Marksbury applied for writs with this Court on March 22, 2016, which fell within a week of the March 30, 2016 departure date, and shortly before a judicial holiday and Easter weekend. Given these circumstances, the majority of this Court felt that there was inadequate time for the consideration of an opposition, but noted that the opposition could be voiced within the expedited rehearing delay. After having considered the rehearing request, my view of this case remains unchanged.

Jessica Marksbury agreed to a consent judgment which designates Daniel Marksbury as the domiciliary parent. The domiciliary parent enjoys "authority to make all decisions affecting the child." La. R.S. 9:335(b)(3). *See also Hodges v. Hodges,* 15–0585 (La.11/23/15), 181 So.3d 700. Although La. R.S. 9:335(b)(3) also allows that "[a]ll major decisions made by the domiciliary parent concerning the child shall be subject to review by the court upon motion of the other parent," the same statute provides that "[i]t shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child." It is my view that the trial court failed to afford this presumption the weight it deserved. Furthermore, I also note that child custody proceedings involving the parties' daughter have been long and contentious, and that Jessica Marksbury has been held in contempt of court twice.

In summary, it is my view that, under the circumstances presented in this troublesome and time-sensitive case, the district court abused its discretion in permitting this child to travel outside of the country. Accordingly, and after having carefully considered the materials submitted by both parties to this Court, I believe that the majority's decisions to grant the writ and now deny the rehearing request are eminently correct.

WEIMER, J., dissents from denial of rehearing.

I would grant the respondent's application for rehearing. While it is true that La. R.S. 9:335(B)(3) supplies a presumption "that all major decisions made by the domiciliary parent are in the best interest of the child," the statute also provides that "[a]ll major decisions made by the domiciliary parent concerning the child shall be subject to review by the court upon motion of the other party." Nothing that has been presented to this court indicates that the trial court, in hearing the testimony, weighing the evidence, and assessing the credibility of the witnesses who appeared before the trial judge live and in person, did not apply that presumption and simply conclude that the weight of the evidence was to the contrary.[1] To date, we do not

1. A review of the limited transcript excerpts this court has been provided reveals the application of the father appears to overstate certain facts and leave out others. Indeed, the limited transcript excerpts indicate that Mr. Marksbury's sole basis for refusing to cooperate with procuring a passport for the child was his belief that travel to Mexico is too dangerous, despite his admission that he took the child on a Disney cruise in 2011 which

have before us a complete record of the proceedings below. Thus, there is nothing before us to indicate that the trial judge did not adhere to the duty to follow and apply the law.

Based on the limited record before us, I would defer to the trial court's great discretion in weighing the evidence and arriving at a determination that is in the best interest of the child. While there is certainly a presumption in favor of the domiciliary parent's decision, that presumption is not irrebutable. Moreover, affording a litigant the opportunity to be heard, for the first time, on rehearing, after a decision has been rendered, does not comport with the principles embodied in the due process clause. *See* La. Const. art. I, § 2.

went to Mexico for one day, where they visit-

ed a beach resort and swam and rafted.